UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED
04 AUG -2 PM 12: 23
U.S. ___ ___ ___ COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| PEGGY WISLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-04-S-0071-NE |
| | ) | |
| WAL-MART STORES INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## MEMORANDUM OPINION

This action is before the court on defendant's motion to dismiss plaintiff's Alabama law claims for negligent and/or wanton training, supervision and retention.[1] Plaintiff, Peggy Wisler, filed this action on January 12, 2004, naming Wal-Mart Stores Inc., her employer, as defendant, and alleging numerous violations of federal and state law.[2] The court has jurisdiction over plaintiff's federal claims pursuant to 28 U.S.C. § 1331, and over the pendant state law claims pursuant to 28 U.S.C. § 1367. For the reasons stated below, defendant's motion will be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

---

[1] Doc. no. 5 (defendant's motion to dismiss).

[2] Doc. no. 1 (complaint). Plaintiff's federal claims are for hostile work environment, sexual harassment, and retaliation, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq. Plaintiff's pendant state law claims are based on both Georgia and Alabama law, though only the Alabama claims are at issue in this motion.

Plaintiff was an Alabama resident at all times pertinent to this suit.[3]  Plaintiff

began working for defendant around July 1999 in the Vision Center located in one

of defendant's Wal-Mart stores.[4]  She was promoted to District Manager of District

#280 around April 20, 2002.[5]   Plaintiff's complaint does not clearly state the

geographic area encompassed by District #280.  She asserts that, within a few days

of starting as District Manager, she was exposed to sexual comments and stories

made by Colleen Epperson, her Regional Manager and direct supervisor.[6]  Epperson's

conduct continued throughout plaintiff's employment.[7]   Plaintiff asserts that

Epperson's supervisors, Lance De la Rosa, Divisional Manager of the Optical

Division, and Terri Johanneson, Regional Personnel Manager of the Optical Division,

witnessed  Epperson's sexually offensive behavior, but did nothing to stop it.[8]

On January 15, 2003, plaintiff submitted a letter of complaint to De la Rosa and

Johanneson detailing the sexually hostile work environment which she allegedly had

been experiencing.[9]  Plaintiff alleges that, after she made the complaint, Epperson

interfered with her job by refusing to answer her calls and embarrassing her in front

---

[3] *Id.* at ¶ 5.

[4] Doc. no. 1 at ¶ 8; Doc. no. 4 (defendant's answer to the complaint) at ¶ 8.

[5] Doc. no. 1 at ¶ 9; Doc. no. 4 at ¶ 9.

[6] Doc. no. 1 at ¶ 11.

[7] *Id.* at ¶¶ 12, 14-18.

[8] *Id.* at ¶ 13.

[9] Doc. no. 1 at ¶ 19.

of other colleagues and subordinates.[10]  On February 9, 2003, plaintiff filed another complaint regarding Epperson's alleged retaliation against her.[11]  On March 8, 2003, plaintiff was demoted from District Manager to Vision Center Manager.[12]  Plaintiff alleges that the demotion was in direct retaliation for her complaint.[13]

This action presently is before the court on defendant's motion to dismiss plaintiff's Alabama law claims for negligent and/or wanton training, supervision and retention (hereinafter "Alabama negligence claim").  Defendant filed an answer to the complaint, but also asserted that plaintiff had alleged insufficient facts to support the Alabama negligence claim.[14]  Defendant moved to dismiss  plaintiff's Alabama negligence claim because "all of the conduct about which the Plaintiff complains is alleged to have occurred in Georgia."[15]  Plaintiff filed an objection[16] to defendant's motion to dismiss, explaining that District #280 listed in the complaint[17] is not located solely in Georgia,[18] that plaintiff's supervisors' geographical area of supervision

---

[10] *Id.* at ¶ 20.

[11] *Id.* at ¶ 21.

[12] Doc. no. 1 at ¶ 23; Doc. no. 4 at ¶ 23.

[13] Doc. no. 1, at ¶ 23.

[14] Doc. no. 4 at ¶ 38.

[15] Doc. no. 5 at ¶ 3.

[16] Doc. no. 9 (objection to defendant's motion to dismiss).

[17] Doc. no. 1 at ¶ 9.

[18] Doc. no. 9 at ¶ 2.

includes both Georgia and Alabama,[19] and that plaintiff supervised stores in both

Georgia and Alabama as a District Manager.[20]

## II. STANDARD OF REVIEW

The Federal Rules of Civil Procedure require only that a complaint contain a

"'short and plain statement of the claim' that will give the defendant fair notice of

what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*,

355 U.S. 41, 47, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) (quoting Fed. R. Civ. P.

8(a)(2)).[21] Consequently, a complaint should not be dismissed for failing to state a

---

[19] *Id.* at ¶ 4.

[20] *Id.* at ¶ 3.

[21] With but few exceptions (fraud claims being one, *see* Fed. R. Civ. P. (9)(b)), there are only three requirements for pleading a claim in a federal action: "(1) a short and plain statement of the grounds upon which the court's jurisdiction depends . . ., (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). "There are two other provisions of Rule 8 that are pertinent: 'Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading are required.' Fed. R. Civ. P. 8(e)(1); and 'All pleadings shall be so construed as to do substantial justice.' Fed. R. Civ. P. 8(f)." *Gorski v. New Hampshire Dept. of Corrections*, 290 F.3d 466, 473 n.5 (1st Cir. 2002).

As the Eleventh Circuit observed in *Brooks v. Blue Cross and Blue Shield of Florida*, 116 F.3d 1364 (11th Cir. 1997),

> [t]he purpose of a Rule 12(b)(6) motion is to test the facial sufficiency of the statement of [a plaintiff's] claim for relief. It is read alongside Fed.R.Civ.P. 8(a), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." The rule is not designed to strike inartistic pleadings or to provide a more definite statement to answer an apparent ambiguity, and the analysis of a 12(b)(6) motion is limited primarily to the face of the complaint and attachments thereto. . . .

*Id.* at 1368-69 (citation omitted); *see also Conley v. Gibson*, 355 U.S. 41, 47-48, 78 S. Ct. 99, 103, 2 L. Ed. 2d 80 (1957) ("The Federal Rules reject the approach that pleading is a game of skill in

claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46, 78 S. Ct. at 102.[22] Although notice pleading may not require that the pleader allege a "specific fact" to cover every element, or allege "with precision" each element of a claim, the Eleventh Circuit has explained that the complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001), *cert. denied*, 534 U.S. 1129, 122 S. Ct. 1067, 151 L. Ed. 2d 970 (2002). Thus, the threshold requirements for a complaint to survive a Rule 12(b)(6) motion to dismiss are "exceedingly low." *Ancata v. Prison Health Services., Inc.*, 769 F.2d 700, 703 (11th Cir. 1985). Such motions accordingly are "viewed with disfavor and rarely granted." *Brooks*, 116 F.3d at 1369 (citing *Madison v. Purdy*, 410 F.2d 99, 100 (5th Cir. 1969), and *Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968)). "Where a more carefully drafted complaint might state a claim upon which relief could be granted, the district court should allow the plaintiff

---

which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits.").

[22] *See also, e.g.*, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984) (holding that a complaint should be dismissed for failure to state a claim "only if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations" of the plaintiff's complaint).

[an opportunity] to amend the complaint rather than dismiss it." *Welch v. Laney*, 57 F.3d 1004, 1009 (11th Cir. 1983).

### III. DISCUSSION

Defendant argues that plaintiff has failed to allege acts sufficient to support the Alabama negligence claim[23] because all of the "conduct about which the plaintiff complains is alleged to have occurred in Georgia."[24]   The complaint does not allege whether plaintiff's district or any of her stores, or supervisors are located in the State of Alabama.   The complaint merely states that plaintiff was promoted to District Manager of District #280,[25] and lists plaintiff's supervisors and their positions.[26] Without specifying state locations the plaintiff has not provided sufficient information in the complaint for the court to infer that some conduct may have occurred in Alabama to support the Alabama negligence claim.   However, the deficiencies in the complaint amount to little more than technical pleading errors, which could easily be cured by an amendment to plaintiff's complaint.

Plaintiff attempted to resolve the complaint's deficiencies in her objection to defendant's motion to dismiss.   This objection provided the court additional

---

[23] Doc. no. 4 at ¶ 38.

[24] Doc. no. 5 at ¶ 3.

[25] Doc. no. 1 at ¶ 9.

[26] *Id.* at ¶¶ 13, 24, 26.

information in interpreting the complaint, but the fact remains that the information is not contained within the complaint itself, which is the focus of this motion. When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court is limited in its inquiry to "[a]ll facts set forth in the complaint...including the pleadings and exhibits attached thereto." *GSW, Inc. v. Long County*, 999 F.2d 1508, 1510 (11th Cir. 1993). In this case, plaintiff's objection is neither part of the complaint nor attached thereto.

Without the information contained in the objection, the complaint is unclear with respect to the Alabama negligence claim because it does not allege that any of plaintiff's stores, supervisors, or districts are located in the State of Alabama. However, a simple amendment could expeditiously resolve this discrepancy and reveal a colorable claim under Alabama law. The Eleventh Circuit has held that a trial court should allow a plaintiff an opportunity to amend her complaint, rather than dismissing it, when "a more carefully drafted complaint might state a claim upon which relief could be granted." *Welch,* 57 F.3d at 1009. Therefore, plaintiff will be ordered to amend her complaint to more clearly set forth the location of the events underlying her Alabama negligence claim.

In drafting the amended complaint, plaintiff should consider resolving the following ambiguities: (1) whether plaintiff's supervisors work only in Georgia, only

in Alabama, or in both states;[27] (2) whether plaintiff's stores are located only in Georgia, only in Alabama, or in both states;[28] and, (3) whether District #280 is located only in Georgia, only in Alabama, or in both states.[29]

## IV. CONCLUSION

Based on the foregoing facts and analysis, defendant's motion to dismiss plaintiff's Alabama negligence claim will be denied without prejudice, and plaintiff will be ordered to file an amended complaint resolving the ambiguities in her original complaint. An appropriate order will be entered contemporaneously herewith.

DONE this _2nd_ day of ~~July,~~ *August* 2004.

_____
United States District Judge

---

[27] The complaint states that Alabama law should apply for the Alabama negligence claim, but does not specify whether plaintiff's supervisors, De la Rosa, Johanneson, Tiarks, Randall and Epperson, work only in Georgia, only in Alabama, or in both states. *See* Doc. no. 1, at ¶¶ 38-41, if correctly numbered ¶ 38-43.

[28] The complaint mentions that De la Rosa and Johanneson visited plaintiff's stores, but does not specify in which state the stores are located. *See* Doc. no. 1, at ¶ 18.

[29] The complaint mentions that plaintiff was promoted to District #280, but fails to give the location of that district. *See* Doc. no. 1, ¶ 9. Plaintiff's failure to state the exact location of the district can lead to erroneous assumptions because the complaint states that "...plaintiff was promoted to District Manager of District #280" and the next paragraph states that plaintiff's spouse began looking for work in the Georgia area so they could relocate for plaintiff's promotion. *See* Doc. no. 1, ¶¶ 9-10. This gives the impression that the district is located only in Georgia.